

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

06-7621 PJH

## IN RE MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL,* DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of twelve actions listed on the attached Schedule A and pending in seven districts as follows: four actions in the Western District of Missouri; two actions each in the District of Kansas and the Western District of Oklahoma; and one action each in the Northern District of California, the Western District of Kentucky, the District of New Jersey and the Western District of Tennessee. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by three oil company defendants[1] seeking centralization of these twelve putative class actions for coordinated or consolidated pretrial proceedings in the District of New Jersey.[2] Plaintiffs in all twelve actions and 21 potential tag-along actions as well as 36 of the more than 100 oil company, distributor or retailer defendants[3] involved in the presently known actions agree that centralization is appropriate. Responding parties differ, however, regarding the most appropriate transferee district for this litigation and variously

---

* Judges Motz, Miller and Vratil took no part in the decision of this matter. In light of the fact that the other members of the Panel could be members of the putative class(es) in this litigation, each Panel member has filed with the Clerk of the Panel a formal renunciation of any claim that he or she might have as a putative class member thereby removing any basis for a disqualification on that ground. Alternatively, should it be determined for any reason that a disqualification survives the renunciation of any claim, the Panel invokes the Rule of Necessity to decide the matters now before it on the authority of, and for the reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

[1] Exxon Mobil Corp.; Amerada Hess Corp., n/k/a Hess Corp.; and Motiva Enterprises, LLC.

[2] The Panel has been notified that 25 potentially related actions are pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[3] Ambest, Inc.; BP Products North America, Inc., and BP Corp. North America Inc.; Casey's General Store's, Inc.; Chevron USA, Inc.; Circle K Stores Inc.; CITGO Petroleum Corp.; Coastal Mart of Oklahoma; ConocoPhillips and ConocoPhillips Co.; Flying J, Inc., and Kentucky Flying J, Inc., d/b/a Flying J, Inc.; The Kroger Co.; Kum & Go L.C.; Mini Mart, Inc., d/b/a Loaf N' Jug; Love's Travel Stops & Country Stores, Inc.; Marathon Petroleum Co. LLC and Marathon Oil Co.; MFA Oil Co.; Murphy Oil USA, Inc.; Petro Stopping Centers LP; Pilot Travel Centers LLC; Presto Convenience Stores, LLC; QuikTrip Corp.; RaceTrac Petroleum, Inc. (RaceTrac); Shell Oil Co. (Shell), and Shell Oil Products Co. LLC; Speedway Petroleum Corp.; Star Fuel Marts, Inc.; TA Operating LLC, successor by conversion to TA Operating Corp.; Tesoro Refining and Marketing Co.; Texaco, Inc.; Valero Marketing and Supply Co.; Wal-Mart Stores, Inc., and Sam's Club; and Wawa, Inc. (Wawa).

support selection of the Northern District of California, the Southern District of Florida, the District of Kansas, the Western District of Missouri, the District of New Jersey, the Western District of Oklahoma or the Middle District of Tennessee as transferee district. Only two defendants – Sunoco, Inc., and Getty Petroleum Marketing, Inc. – oppose centralization. If the Panel deems centralization appropriate, these defendants support selection of the New Jersey district as transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All MDL-1840 actions share factual allegations relating to the sale of motor fuel at temperatures greater than 60 degrees Fahrenheit. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are not persuaded by the arguments of the two opposing defendants that the lack of identity among the defendants in these actions warrants a different result. Indeed, transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus, we have searched for a transferee judge with the time and experience to steer this litigation on a prudent course and sitting in a district with the capacity to handle this litigation. Accordingly, we select the District of Kansas – which is relatively conveniently located for many parties and witnesses – as transferee district for this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Kansas are transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Kathryn H. Vratil for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1840 -- In re Motor Fuel Temperature Sales Practices Litigation

### Northern District of California

*Mark Rushing, et al. v. Alon USA, Inc., et al.*, C.A. No. 3:06-7621

### District of Kansas

*Zachary Wilson, et al. v. Ampride, Inc., et al.*, C.A. No. 2:06-2582
*American Fiber & Cabling LLC., et al. v. BP Corp. North America, Inc., et al.*,
   C.A. No. 2:07-2053

### Western District of Kentucky

*Keen Exploration, LLC, et al. v. Amoco Oil Co., et al.*, C.A. No. 5:07-14

### Western District of Missouri

*Victor VanDyne v. Murphy Oil USA, Inc., et al.*, C.A. No. 2:06-4302
*Ditzfeld Transfer, Inc. v. Pilot Travel Centers, LLC., et al.*, C.A. No. 2:07-4025
*James Vanderbilt v. BP Corp. North America, Inc., et al.*, C.A. No. 4:06-1052
*Brent Donaldson, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 4:07-93

### District of New Jersey

*Richard Galauski, et al. v. Amerada Hess Corp., et al.*, C.A. No. 3:06-6005

### Western District of Oklahoma

*Craig Massey, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 5:07-102
*Cynthia J. Cary, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 5:07-155

### Western District of Tennessee

*Diane Foster, et al. v. BP North America Petroleum, Inc., et al.*, C.A. No. 2:07-2059