UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MOTOR FUEL TEMPERATURE          MDL No. 1840
SALES PRACTICES LITIGATION

(SEE ATTACHED SCHEDULE)

SEPARATION OF CLAIMS AND
CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings regarding certain specified claims in the actions on this conditional remand order have been completed and that remand of those claims pending against the referenced non-settling defendants to the respective transferor courts, as provided in 28 U.S.C. §1407(a), is appropriate. *See* Suggestion of Remand (D. Kan. filed Aug. 14, 2013) (Attachment B).

IT IS THEREFORE ORDERED that the following claims in the civil actions listed on the attached schedule be separated and remanded to their respective transferor courts:

In *Rushing*: Plaintiffs' claims under California law[1] against defendants Chevron U.S.A. Inc., Circle K Stores, Inc., Flying J, Inc., Petro Stopping Centers, L.P., Pilot Travel Centers LLC and TravelCenters of America LLC.

In *Lerner*: Plaintiffs' claims under California law[2] against defendants Chevron U.S.A. Inc., G&M Oil Co., LLC, G&M Oil Company, Inc., United El Segundo, Inc. and World Oil Corp.

In *Wyatt*: Plaintiffs' claims under California law[3] against defendants Chevron U.S.A. Inc., Circle K Stores, Inc. and 7-Eleven, Inc.

---

[1] The California-law claims are for violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* and violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750 *et seq.*

[2] Plaintiffs' claims are for violation of the UCL, Cal. Bus. & Prof. Code § 17200 *et seq.*, breach of the implied covenant of good faith and fair dealing and unjust enrichment.

[3] Plaintiffs' claims are for violation of the UCL, Cal. Bus. and Prof. Code § 17200 *et seq.* and unjust enrichment.

-2-

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7-day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the District of Kansas.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the District of Kansas with a stipulation or designation of the contents of the record to be remanded.

Inasmuch as no objection is pending at this time, the stay is lifted.

Aug 30, 2013

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: MOTOR FUEL TEMPERATURE SALES
PRACTICES LITIGATION**                                                                MDL No. 1840

### SCHEDULE FOR CRO

| TRANSFEREE | | | TRANSFEROR | | | |
| --- | --- | --- | --- | --- | --- | --- |
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| KS | 2 | 07–02405 | CAC | 2 | 07–01216 | Phyllis Lerner, et al. v. Costco Wholesale Corp., et al. |
| KS | 2 | 07–02300 | CAN | 3 | 06–07621 | Mark Rushing, et al. v. Alon USA, Inc., et al. |
| KS | 2 | 07–02507 | CAS | 3 | 07–01754 | Mark Wyatt, et al. v. BP America Corp., et al. |

\* – denotes that the civil action has been severed.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) <br> SALES PRACTICES LITIGATION ) <br> ) <br> **This Document Relates To:** ) <br> ) <br> <u>Rushing, et al. v. Alon USA, Inc., et al.</u>, ) <br>     D. Kan. Case No. 07-2300-KHV, ) <br>     N.D. Cal. Case No. 06-7621-PJH, ) <br> ) <br> <u>Lerner, et al. v. Costco Wholesale Corp., et al.</u>, ) <br>     D. Kan. Case No. 07-2405-KHV, ) <br>     C.D. Cal. Case No. 07-1216-GHK-FMO, ) <br> ) <br> **and** ) <br> ) <br> <u>Wyatt, et al. v. B.P. Am. Corp., et al.</u>, ) <br>     D. Kan. Case No. 07-2507-KHV, ) <br>     S.D. Cal. Case No. 07-1754-BTM-JMA. ) <br> _____) | **MDL No. 1840** <br> **Case No. 07-1840-KHV** |

### SUGGESTION OF REMAND

On June 18, 2007, the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") designated this Court as the transferee court for federal cases challenging the retail motor fuel temperature sales practices of motor fuel retailers and refiners. The cases challenge defendants' practice of selling motor fuel by the gallon without disclosing or adjusting for temperature and without disclosing the effect of temperature on motor fuel. The Court has completed consolidated discovery with respect to all pending cases. In <u>Rushing</u>, <u>Lerner</u> and <u>Wyatt</u>, the Court has certified classes under Rule 23(b)(2) and (3), Fed. R. Civ. P., and has granted summary judgment in favor of non-settling defendants on all of plaintiffs' California-law claims.[1]  Memorandum And Order

---

[1] In <u>Rushing</u>, plaintiffs brought claims under the consumer protection statutes of nine other states plus the District of Columbia, and a multi-state breach of contract claim. The class certification and summary judgment orders, and this suggestion of remand, relate to only plaintiffs'
(continued...)

(Doc. #4616) filed August 14, 2013; Memorandum And Order (Doc. #4600) filed July 19, 2013; Order (Doc. #4544) filed April 9, 2013; Memorandum And Order (Doc. #4539) filed April 5, 2013. These claims will no longer benefit from consolidated proceedings.

Pursuant to Rule 10(b) of the Rules of Procedure of the JPML, the undersigned transferee judge submits this Suggestion of Remand to the Panel recommending that it remand plaintiffs' California-law claims against the non-settling defendants in Rushing, and that it remand all of plaintiffs' claims against the non-settling defendants in Lerner and Wyatt. See 28 U.S.C. § 1407(a) (Panel may separate claims and remand any of such claims before remainder of action is remanded). The Court proposes to retain all claims against settling defendants to complete settlement approval and class notice, and to resolve issues regarding attorney fees. Specifically, the Court proposes as follows so that any appeals with regard to the summary judmgent rulings in these cases, which involve only California law, may proceed in the Ninth Circuit Court of Appeals:

1. Rushing et al. v. Alon USA, Inc. et al., D. Kan. Case No. 07-2300-KHV, N.D. Cal. Case No. 06-7621-PJH: The Court suggests remanding plaintiffs' California-law claims against Chevron U.S.A. Inc., Circle K Stores, Inc., Flying J, Inc., Petro Stopping Centers, L.P., Pilot Travel Centers LLC and TravelCenters of America LLC.[2] On remand, the Court suggests that under Rule 54(b), Fed. R. Civ. P., the transferor court enter judgment on plaintiffs' California-law claims in favor of these non-settling defendants.

---

[1](...continued)
California claims. In Lerner and Wyatt, all of plaintiffs claims arise under California law.

[2] The California-law claims are for violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. and violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750 et seq.

2. <u>Lerner et al. v. Costco Wholesale Corp. et al.</u>, D. Kan. Case No. 07-2405-KHV, C.D. Cal. Case No. 07-1216-GHK-FMO: The Court suggests remanding plaintiffs' claims against Chevron U.S.A. Inc., G&M Oil Co., LLC, G&M Oil Company, Inc., United El Segundo, Inc. and World Oil Corp.[3] On remand, the Court suggests that under Rule 54(b), Fed. R. Civ. P., the transferor court enter judgment on plaintiffs' claims in favor of these non-settling defendants.

3. <u>Wyatt et al. v. B.P. Am. Corp. et al.</u>, D. Kan. Case No. 07-2507-KHV, S.D. Cal. Case No. 07-1754-BTM-JMA: The Court suggests remanding plaintiffs' remaining claims against Chevron U.S.A. Inc., Circle K Stores, Inc. and 7-Eleven, Inc.[4] On remand, the Court suggests that under Rule 54(b), Fed. R. Civ. P., the transferor court enter judgment on plaintiffs' claims in favor of these non-settling defendants.

The Court certifies that although its summary judgment rulings in these cases dispose of fewer than all claims and parties in these cases, there is no just reason to delay entry of judgment on the California claims against the foregoing defendants. <u>See</u> Rule 54(b), Fed. R. Civ. P.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge

---

[3] Plaintiffs' claims are for violation of the UCL, Cal. Bus. & Prof. Code § 17200 <u>et seq.</u>, breach of the implied covenant of good faith and fair dealing and unjust enrichment.

[4] Plaintiffs' claims are for violation of the UCL, Cal. Bus. and Prof. Code § 17200 <u>et seq.</u> and unjust enrichment.