LATHAM & WATKINS LLP
  Mary Rose Alexander (Cal. Bar No. 143899)
  Thomas J. Heiden (admitted *pro hac vice*)
  Garrett S. Long (admitted *pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: +312.876.7700
Facsimile: +312.993.9767
Email: mary.rose.alexander@lw.com
Email: thomas.heiden@lw.com
Email: garrett.long@lw.com

  Kirsten M. Ferguson (Cal. Bar No. 252781)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: +415.391.0600
Facsimile: +415.395.8095
Email: kirsten.ferguson@lw.com

OGLOZA FORTNEY LLP
  Darius Ogloza (Cal. Bar No. 176983)
535 Pacific Avenue, Suite 201
San Francisco, California 94133
Telephone: +415.912.1850
Email: dogloza@oglozafortney.com

*Attorneys for Defendant Chevron U.S.A. Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RUSHING, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>ALON U.S.A., INC., et al.,<br><br>          Defendants. | CASE NO. 4:06-CV-07621-PJH<br><br>**JOINT NOTICE OF CONDITIONAL SETTLEMENT** |

## I. INTRODUCTION

Per the Court's direction, Plaintiffs and Chevron U.S.A. Inc. ("CUSA") submit this Joint Notice of Conditional Settlement in lieu of submitting a Joint Case Management Statement as to CUSA.

On or about November 7, 2013, CUSA and Plaintiffs executed a binding term sheet, which sets forth the terms and conditions of a settlement of all fuel temperature cases pending against CUSA. Based on this term sheet, CUSA and Plaintiffs are currently finalizing the settlement agreement, and plan to file a motion for preliminary approval with the MDL Court in the near future.

Prior to settlement, all substantive proceedings in this case had concluded: the MDL Court certified an injunctive relief class pursuant to Federal Rule of Civil Procedure 23(b)(2) and a liability (but not a damages) class pursuant to Rules 23(b)(3) and (c)(4), entered a final pretrial order, and granted summary judgment in favor of CUSA on *all* claims asserted in the case now before this Court. Subsequent to its grant of summary judgment for CUSA, the MDL Court suggested that, on remand, this Court enter judgment in favor of CUSA pursuant to Federal Rule of Civil Procedure 54(b). *See* Suggestion of Remand at 2, No. 07-1840-KHV, Aug. 14, 2013 (Doc. No. 4617).

The parties' term sheet provides that, as one of several conditions of the overall settlement, a final judgment consistent with the MDL Court's summary judgment order will be entered for CUSA in this case. The term sheet also contemplates that entry of judgment for CUSA will be stayed until the settlement's final approval is affirmed on appeal, or the time for appeal has expired—unless the settlement is earlier rejected. Therefore, as explained more fully below, good cause exists for entry of judgment as to CUSA, but entry of that judgment should be stayed per the terms of settlement.

Accordingly, CUSA and Plaintiffs inform the Court that they have reached a conditional settlement, but respectfully request that (per the terms of that settlement) this Court defer entry of judgment pursuant to Rule 54(b) until the settlement has been affirmed or rejected.

## II. BACKGROUND

This case was initially filed in the United States District Court for the Northern District of California on or about December 13, 2006. The Second Amended Complaint named fourteen defendants, including the defendants presently before this Court: CUSA, Flying J ("Flying J"), Pilot Travel Centers LLC ("Pilot"), Petro Shopping Centers, L.P. and Travel Centers of America LLC (together, "TA Petro") (collectively, "Defendants").[1] Plaintiffs asserted claims for breach of contract and violations of the consumer protection laws of eleven states,[2] including the California Business and Professions Code section 17200, *et seq.* ("UCL") and the California Consumer Legal Remedies Act ("CLRA"), based on (1) Defendants' practice of selling motor fuel at retail in volumetric gallons, without correcting for the effects of thermal expansion, and (2) Defendants' failure to inform consumers that the gallons they purchased were not corrected for temperature. The following month, on October 15, 2007, this matter was transferred (along with dozens of other actions filed in the district courts of numerous other states, including additional California cases) to the United States District Court for the District of Kansas, and was assigned to the Honorable Kathryn H. Vratil (the "MDL Court"), for coordinated pretrial proceedings pursuant to 28 U.S.C. section 1407. *See* Conditional Transfer Order (CTO-8), Oct. 15, 2007 (Doc. No. 192).[3]

During the course of coordinated pretrial proceedings, the MDL Court entered a number of orders applicable to this case. Specifically, the MDL Court ordered the parties to file motions for class certification in all cases by June 1, 2009, and all briefs in opposition to class certification by September 30, 2009. *See* Scheduling Order No. 2 at 3, Apr. 4, 2008 (Doc. No.

---

[1] The remaining defendants named in the Second Amended Complaint included Circle K Stores, Inc. ("Circle K"), CITGO Petroleum Corp. ("CITGO"), Costco Wholesale Corp. ("Costco"), 7-Eleven, Inc. ("7-Eleven"), Equilon Enterprises LLC ("Shell"), Tesoro Refining and Marketing Co. ("Tesoro"), The Kroger Co. ("Kroger"), Valero Marketing and Supply ("Valero"), and BP West Coast Prods. LLC ("BP").

[2] Specifically, Plaintiffs asserted claims under the laws of Arizona, Arkansas, California, the District of Columbia, Florida, Nevada, New Jersey, New Mexico, North Carolina, Texas, and Virginia. *See also infra* notes 9 and 11.

[3] All citations are to documents filed in the docket for MDL No. 1840, Case No. 07-MD-1840-KHV.

388); Order, Apr. 30, 2009 (Doc. No. 981); Order, Sept. 17, 2009 (Doc. No. 1275). As directed, Plaintiffs filed their motion for class certification in *Rushing* on June 1, 2009, and Defendants filed their opposition to Plaintiffs' motion for class certification on September 30, 2009. *See* Pls.' Mot. for Class Certification, June 1, 2009 (Doc. No. 1131); Defs.' Opp. to *Rushing* Pls.' Mot. for Class Cert. and Mem. in Supp., Sept. 30, 2009 (Doc. No. 1314). Approximately one year later, on November 17, 2010, the MDL Court directed the parties to file all dispositive motions in all cases by November 1, 2011. *See* Scheduling Order No. 4 at 8, Nov. 17, 2011 (Doc. No. 1729); Order, Sept. 13, 2011 (Doc. No. 2103). As directed, Defendants filed their motions for summary judgment in *Rushing* on November 1, 2011. *See* Mem. in Supp. of Defs.' Mot. for Summ. J. on Pls.' Unfair Competition Law, Consumer Legal Remedies Act, Florida Deceptive Trade Practices Act, and Breach of Contract Claims, Nov. 1, 2011 (Doc. No. 2586); Refiner Defs.' Mem. of P&A in Supp. of Their Joint Mot. for Partial Summ. J., Nov. 1, 2011 (Doc. Not. 2614).

The MDL Court thereafter deferred ruling on the parties' class certification and dispositive motions pending the conclusion of a trial in two related cases filed in the District of Kansas. During this time, a substantial number of the MDL defendants—including a substantial number of the *Rushing* Defendants—entered into global settlements with Plaintiffs.[4] In September 2012, trial in the related Kansas cases was held before a jury and the MDL Court, and resulted in a defense verdict and judgment for all three of the defendants remaining in those cases: 7-Eleven, Kum & Go, L.C., and Quicktrip Corp. *See* Verdict, Sept. 24, 2012 (Doc. No. 4422); Mem. and Order, Oct. 3, 2012 (Doc. No. 4428).

After the conclusion of the Kansas trial, the MDL Court informed the parties that it intended to remand the California cases[5] for the next set of trials. *See, e.g.*, Order, Jan. 23, 2013

---

[4] For example, BP, CITGO, Shell, and Valero all entered into settlement agreements with Plaintiffs between October and December 2012; these settlements all received preliminary approval in November and December 2012. *See* Mem. and Order, Nov. 20, 2012 (Doc. No. 4464); Mem. and Order, Dec. 10, 2012 (Doc. No. 4478).

[5] At this time, the remaining California cases included *Rushing* (filed in this Court), *Lerner v. Costco Wholesale Corp.* (filed in the Central District of California, No. 2:07-cv-01216-GHK-

(Doc. No. 4496). To that end, the MDL Court directed the parties to file supplemental briefs on their motions for class certification and summary judgment. *Id*. at 1-3.[6] After the parties submitted this supplemental briefing, the MDL Court decided to "sever all claims against [CUSA] in these [California] cases, remand the claims to their respective transferor courts with a view to transferring claims in two of the cases to one district under 28 U.S.C. § 1404(a), consolidate the three cases against CUSA for all future proceedings and temporarily stay all proceedings as to the other non-settling California defendants." Order at 1, Mar. 21, 2013 (Doc. No. 4530); *see also* Order to Show Cause, Mar. 15, 2013 (Doc. No. 4520).

On April 5, 2013, the MDL Court granted Plaintiffs' motion for class certification as to CUSA in the California Cases.[7] *See* Mem. and Order, Apr. 5, 2013 (Doc. No. 4539). Specifically, the MDL Court certified an injunctive relief class pursuant to Federal Rule of Civil Procedure 23(b)(2) and a liability (but not a damages) class pursuant to Rules 23(b)(3) and (c)(4). *See* Mem. and Order at 6, 14, 36, Apr. 5, 2013 (Doc. No. 4539). The MDL Court later extended this certification order to the remaining non-settling Defendants in the California Cases,[8] and directed Plaintiffs to "file a proposed notice plan for the classes certified in this order

---

FMO), and *Wyatt v. B.P. America Corp.* (filed in the Southern District of California, No. 07-cv-01754-BTM-JMA) (collectively, the "California Cases").

[6] *See, e.g.*, Pls.' Suppl. Br. in Supp. of Class Certification in the Cal. Cases, Feb. 1, 2013 (Doc. No. 4502); Defs.' Opp. to Pls.' Suppl. Mot. for Class Certification and Mem. in Supp., Feb. 8, 2013 (Doc. No. 4507).

[7] "Of the numerous claims which plaintiffs brought against Chevron in the California cases, they ask[ed] the [MDL] Court to certify only four: (1) breach of the duty of good faith and fair dealing (Lerner), (2) unjust enrichment (Lerner and Wyatt), (3) violation of the UCL, Cal. Bus. & Prof. Code § 17200 et seq. (Lerner, Rushing and Wyatt) and (4) violation of the CLRA, Cal. Civ. Code § 1750 et seq. (Rushing)." Mem. and Order at 6, Apr. 5, 2013 (Doc. No. 4539). As to *Rushing*, the MDL Court certified classes as to their UCL and CLRA claims. Plaintiffs did not seek certification (and the Court did not certify) classes as to their breach of contract claim or their non-California state law claims.

[8] Plaintiffs voluntarily dismissed Defendants 7-Eleven, Tesoro, Circle K, and Kroger from *Rushing*. *See* Stip. of Dismissal Without Prejudice, Jan. 31, 2012 (Doc. No. 3277) (7-Eleven); Stip. of Dismissal Without Prejudice, Mar. 7, 2012 (Doc. No. 3783) (Tesoro); Stip. of Dismissal Without Prejudice, Sept. 5, 2013 (Doc. No. 4636) (Circle K); Stip. of Dismissal Without Prejudice, Sept. 6, 2013 (Doc. No. 4638). Costco and Plaintiffs entered into a settlement agreement in April 2009; this settlement received preliminary approval in August 2009 and final approval in April 2012. *See* Mem. and Order, Aug. 13, 2009 (Doc. No. 1273); Mem. and Order, Apr. 24, 2012 (Doc. No. 4248). BP, CITGO, Shell, and Valero all entered

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT NOTICE OF CONDITIONAL SETTLEMENT
CASE NO. 4:06-CV-07621-PJH

and the MDL Court's previous order involving [CUSA]." Order at 12, Apr. 9, 2013 (Doc. No. 4544).

Concurrently, the MDL Court directed Plaintiffs and CUSA to prepare pretrial orders in the California Cases that would supersede the pleadings in those cases. *See* Order, Mar. 27, 2013 (Doc. No. 4535). Thereafter, the MDL Court directed Plaintiffs and CUSA to amend the pretrial orders in the California Cases "such that the same claims are asserted against [CUSA] in each of the [California] cases," and such that the same Plaintiffs were named in each of the California Cases, so "that [CUSA would] be allowed (and required) to defend all … claims in a single suit" in California. Mem. and Order at 1-3, May 6, 2013 (Doc. No. 4575). Per the MDL Court's order, pretrial orders consistent with the court's direction were entered in the California Cases, as to CUSA only. *Compare* Pretrial Order, May 17, 2013 (Doc. No. 4577) (*Rushing*), *with* Pretrial Order, May 17, 2013 (Doc. No. 4578) (*Wyatt*), *and* Am. Pretrial Order, May 17, 2013 (Doc. No. 4576). (*Lerner*).[9]

Thereafter, on July 19, 2013, the MDL Court granted CUSA's motions for summary judgment as to Plaintiffs' claims for violations of California's UCL, violations of the CLRA, breach of the duty of good faith and fair dealing, and unjust enrichment. *See* Mem. and Order, July 19, 2013 (Doc. No. 4600). The MDL Court later extended this grant of summary judgment to the remaining non-settling Defendants in the California Cases. *See* Order to Show Cause, July 19, 2013 (Doc. No. 4601); Mem. and Order, Aug. 14, 2013 (Doc. No. 4616). Consequently, these summary judgment orders disposed of **all** claims against CUSA and the non-settling

---

into settlement agreements with Plaintiffs between October and December 2012. *See also supra* note 4.

[9] The final pretrial order in *Rushing* asserted two new claims against CUSA which were not alleged in the Complaint: breach of the covenant of good faith and fair dealing and unjust enrichment. The MDL Court did not direct the other non-settling Defendants to make any such amendments in their pretrial orders; therefore, the claims and the named Plaintiffs in *Rushing* are different for CUSA than they are for the other non-settling Defendants. *Compare* Pretrial Order at 2, May 17, 2013 (Doc. No. 4577) (*Rushing* pretrial order for CUSA; asserting claims for violations of California's UCL and the CLRA, breach of the duty of good faith and fair dealing, and unjust enrichment), *with* Pretrial Order at 2, Aug. 14, 2013 (Doc. No. 4614) (*Rushing* pretrial order for the other non-settling Defendants; asserting claims only for violations of California's UCL and CLRA).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT NOTICE OF CONDITIONAL SETTLEMENT
CASE NO. 4:06-CV-07621-PJH

Defendants that are before this Court.[10]

In light of this ruling, the MDL Court issued an Order to Show Cause directing the parties (*inter alia*) to "show in writing what effect (if any) these orders have on the proposed notices and notice plan." Order to Show Cause at 1, July 19, 2013 (Doc. No. 4601). On July 26, 2013, the parties submitted their responses to the MDL Court's Order to Show Cause. CUSA responded that notice to class members in the California Cases was not required as to the (b)(2) injunctive relief classes, but requested that (with respect to the (b)(3) liability classes) the MDL Court "issue notice of the pending litigation to potential class members, including the three California cases that are the subject of the Court's summary judgment order." CUSA'S Resp. to Order to Show Cause at 1-2, July 26, 2013 (Doc. No. 4602). The MDL Court declined to require Plaintiffs to give the (b)(3) liability classes notice regarding their claims against CUSA in the California Cases.

Thereafter, the MDL Court suggested that (with respect to *Rushing*) the Judicial Panel on Multidistrict Litigation remand "plaintiffs' California-law claims against Chevron U.S.A. Inc., Circle K Stores, Inc., Flying J, Inc., Petro Stopping Centers, L.P., Pilot Travel Centers LLC and TravelCenters of America LLC," and that, "[]o]n remand, … under Rule 54(b), Fed. R. Civ. P., the transferor court enter judgment on plaintiffs' California-law claims in favor of these non-settling defendants." Suggestion of Remand at 2, No. 07-1840-KHV, Aug. 14, 2013 (Doc. No. 4617). The Panel agreed and remanded "Plaintiffs' claims under California law against Defendants Chevron U.S.A. Inc., Circle K Stores, Inc., Flying J, Inc., Petro Stopping Centers, L.P., Pilot Travel Centers LLC and TravelCenters of America LLC."[11] *See* Separation of Claims and Conditional Remand Order at 1, Sept. 13, 2013 (Doc. No. 4643). Plaintiffs subsequently

---

[10] *See also infra* note 11.

[11] All named Plaintiffs in *Rushing* (except Lesley Duke) voluntarily dismissed their non-California claims against CUSA, Circle K, Flying J, Pilot, and TA Petro. *See* Stip. of Dismissal Without Prejudice at 1-2, Sept. 5, 2013 (Doc. No. 4636); Order of Dismissal Without Prejudice, Sept. 10, 2013 (Doc. No. 4641). Lesley Duke's non-California claims against Defendants remain pending in the MDL, and are not before this Court. *See* Stip. of Dismissal Without Prejudice at 2, Sept. 5, 2013 (Doc. No. 4636); *see also* Order to Show Cause, Oct. 29, 2013 (Doc. No. 4663).

| | |
|---|---|
| 1 | dismissed their claims against Circle K.  *See* Stip. of Dismissal Without Prejudice at 2, Sept. 5, |
| 2 | 2013 (Doc. No. 4636).  Consequently, the Defendants presently before this Court are CUSA, |
| 3 | Flying J, Pilot, and TA Petro; the claims against the Defendants presently before this Court were |
| 4 | all disposed of on summary judgment, but final judgment in favor of Defendants has not yet been |
| 5 | entered. |

### III. ARGUMENT

#### A. Good Cause Exists for Entry of Judgment in Favor of CUSA.

As the above facts demonstrate, the MDL Court concluded ***all*** substantive proceedings in this case.  Consequently, the only act required of this Court is the entry of final judgment for CUSA pursuant to Federal Rule of Civil Procedure 54(b).  *See* Fed. R. Civ. P. 54(b) (providing that, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties").

Specifically, in *Rushing*, Plaintiffs alleged two claims against all Defendants: *i.e.*, violations of California's UCL and the CLRA.  *See* Pretrial Order at 2, May 17, 2013 (Doc. No. 4577); Pretrial Order at 2, Aug. 14, 2013 (Doc. No. 4614).  The MDL Court's summary judgment orders finally and completely resolved both of these claims.  *See* Mem. and Order at 18-29, 35-36, July 19, 2013 (Doc. No. 4600); Mem. and Order, Aug. 14, 2013 (Doc. No. 4616). Furthermore, as to CUSA, the MDL Court's summary judgment order finally and completely resolved the additional claims that Plaintiffs asserted against CUSA in *Rushing*'s final pretrial order: *i.e.*, breach of the covenant of good faith and fair dealing and unjust enrichment.  *See* Mem. and Order at 29-35, July 19, 2013 (Doc. No. 4600).  In short, the MDL Court's summary judgment orders resolved ***all*** pending claims against CUSA in this case.  Entry of final judgment pursuant to Rule 54(b) is therefore appropriate.

Moreover, it is clear that this judgment should extend not only to the named class representatives, but also to the entire Rule 23(b)(2) injunctive relief class, which the MDL Court certified on April 5, 2013.  *See* Mem. and Order, Apr. 5, 2013 (Doc. No. 4539); *see also* Order, Apr. 9, 2013 (Doc. No. 4544).  First, the law is clear that no notice is required as to classes certified pursuant to Rule 23(b)(2).  *See, e.g.*, Fed. R. Civ. P. 23(c)(2)(A); *Crawford v. Honig*, 37

F.3d 485, 487 n.2 (9th Cir. 1994) (explaining that Rule 23(b)(2) "does not require notice or permit members to opt out"); *Shook v. Bd. of County Comm'rs*, 543 F.3d 597, 611 (10th Cir. 2008). Second, there is no indication in the class certification orders (or anywhere else, for that matter) that the MDL Court intended the (b)(2) class members to received notice. *See, e.g.*, Mem. and Order, Apr. 5, 2013 (Doc. No. 4539); Order, Apr. 9, 2013 (Doc. No. 4544).

Therefore, with respect to CUSA, good cause exists for the entry of judgment as to all named class representatives in the (b)(3) liability class, and as to the entire (b)(2) injunctive relief class. However, a development has occurred in this case—*i.e.*, CUSA and Plaintiffs have reached a settlement—which warrants deferral of entry of judgment as to CUSA.

### B. Good Cause Exists to Defer Entry of Judgment Until the Parties' Settlement Is Affirmed or Rejected.

CUSA and Plaintiffs recently executed a settlement term sheet, which sets forth the terms and conditions of a settlement of all fuel temperature cases pending against CUSA. The settlement provides that judgment for CUSA will be entered in this case (and the other California Cases), consistent with the MDL Court's July 19, 2013 summary judgment order—but only after the settlement's final approval is affirmed on appeal (or the time for appeal has expired). The Ninth Circuit has a strong policy favoring settlement. *See, e.g.*, *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ("When reviewing complex class action settlements, we have a 'strong judicial policy that favors settlements.'"); *Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992) (noting "the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Furthermore, Plaintiffs' counsel has consented to entry of judgment for CUSA, and there is no opposition to staying entry of that judgment. Therefore, good cause exists this Court not only to enter judgment for CUSA, but also to defer entry of that judgment until the parties' settlement is affirmed or rejected.

### IV. CONCLUSION

Accordingly, CUSA and Plaintiffs inform the Court that they have reached a conditional settlement, but respectfully request that, per the terms of that settlement, the Court defer entry of judgment pursuant to Rule 54(b) until the settlement's final approval is affirmed on appeal (or

the time for appeal has expired), or until the settlement is rejected—whichever is earlier.

Dated: January 2, 2014

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ Kirsten M. Ferguson
    Kirsten M. Ferguson
    Attorneys for Defendant
    CHEVRON USA, INC.

KOREIN TILLERY LLC

By: /s/ George A. Zelcs
    George A. Zelcs
    Attorneys for Plaintiffs

I, Kirsten M. Ferguson, hereby attest that the concurrence to the filing of this document has been obtained from each of the signatories hereto.

By: /s/ Kirsten M. Ferguson
    Kirsten M. Ferguson