**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) <br> SALES PRACTICES LITIGATION ) <br> ) <br> This Document Relates To: ) <br> ) <br> <u>Rushing, et al. v. Alon USA, Inc., et al.</u>, ) <br>     D. Kan. Case No. 07-2300-KHV, ) <br>     N.D. Cal. Case No. 06-7621-PJH. ) <br>                                         ) | MDL No. 1840 <br> Case No. 07-1840-KHV |

**ORDER**

On October 29, 2013, the Court ordered plaintiff Lesley Duke to show cause in writing why it should not (1) dismiss his claims without prejudice for lack of subject matter jurisdiction; (2) sever his claims as to each defendant; and/or (3) separate his claims as to each different state law based on considerations of venue and trial convenience.[1]  <u>Order To Show Cause</u> (Doc. #4663).  On November 8, 2013, plaintiff filed his response to the show cause order.  <u>See</u> <u>Response To Show Cause Order</u> (Doc. #4669).

In the show cause order, the Court expressed doubt whether plaintiff could obtain class certification and suggested that the Court might lose subject matter jurisdiction under 28 U.S.C. §

---

[1] This case involves claims by multiple plaintiffs under the law of various states. Some defendants have settled, and the Court retains jurisdiction over those claims.  <u>See</u>, <u>e.g.</u>, <u>Memorandum And Order</u> (Doc. #4478) filed December 10, 2012.  As to remaining claims under California law, the Judicial Panel on Multidistrict Litigation has separated and remanded the claims to the transferor court, <u>i.e.</u> the Northern District of California.  <u>See</u> <u>Separation Of Claims And Conditional Remand Order</u> (Doc. #4643) filed September 13, 2013.  As to remaining non-California claims, except for Lesley Duke and William Younger, plaintiffs have stipulated to dismiss the claims without prejudice.  <u>See</u> <u>Order Of Dismissal Without Prejudice</u> (Doc. #4641) filed September 10, 2013.  Younger is deceased and the Court has dismissed his claims with prejudice.  <u>See</u> <u>Order</u> (Doc. #4656) filed October 7, 2013.  Duke asserts his remaining claims under the law of Louisiana, Mississippi, Oklahoma, Virginia, Florida, North Carolina, South Carolina, Tennessee and Texas. <u>See</u> <u>Order To Show Cause</u> (Doc. #4663) at 3.

1332(d)(2), i.e. minimal diversity jurisdiction under the Class Action Fairness Act ("CAFA").[2] See Order To Show Cause (Doc. #4663) at 3-4.  Plaintiff responds that even if the Court denies his motion for class certification, it will not lose subject matter jurisdiction under Section 1332(d)(2). See Response To Show Cause Order (Doc. #4669) at 1-2.  Recent case law appears to support plaintiff's position in this regard.  See, e.g., United Steel, Paper & Forestry, Rubber, Manuf., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. Shell Oil Co., 602 F.3d 1087, 1091-92 (9th Cir. 2010); Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 806-07 (7th Cir. 2010); Burdette v. Vigindustries Inc., No. 10-1083-JAR, 2012 WL 5505095, at *2 (Nov. 13, 2012) (predicting that Tenth Circuit would follow other circuits and find that denial of class certification does not destroy jurisdiction in cases removed under CAFA).  In light of this authority, the Court will not dismiss plaintiff's claims for lack of subject matter jurisdiction at this time.[3]

In the show cause order, the Court also suggested that plaintiff had mis-joined defendants under Rule 20(a)(2), Fed. R. Civ. P., in that his right to relief against multiple defendants did not arise out of the same series of transactions or occurrences.  See id. at 6-7.  In response to the Court's suggestion that it should sever the claims as to each defendant, plaintiff does not object.  See Response To Show Cause Order (Doc. #4669) at 2.  Plaintiff asserts, however, that the Court should

---

[2] The Court found that it was unclear whether plaintiff also asserted general diversity jurisdiction under 28 U.S.C. § 1332(a).  Order To Show Cause (Doc. #4663) at 2.  In response to the show cause order, plaintiff does not assert general jurisdiction under Section 1332(a).  See Response To Show Cause Order (Doc. #4669).

[3] The Court notes that the cited cases were removed to federal court from state court. The Court does not decide whether the same analysis would apply in this case, i.e. where the case was filed in federal court in the first instance.  Likewise, the Court does not decide whether subject matter jurisdiction exists over claims for which plaintiff does not seek class certification, i.e. his claims under the law of Louisiana, Mississippi, Oklahoma and Virginia.  See Order To Show Cause (Doc. #4663) at 3 (citing Plaintiff's Motion For Class Certification (Doc. #1131) filed June 1, 2009). These matters remain for resolution by the transferor court.

not sever the claims against Petro Stopping Centers, L.P. and TravelCenters of America LLC because those companies merged into TA Operating LLC in September of 2008. See id. at 2. Based on this representation, the Court finds that plaintiff's claims should be severed into four separate cases against the following defendants: (1) Chevron U.S.A., Inc.; (2) Flying J, Inc.; (3) Pilot Travel Centers LLC; and (4) Petro Stopping Centers, L.P. and TravelCenters of America LLC. The Clerk shall therefore sever plaintiff's claims into four separate cases and re-file in the three new cases the original complaint in this case.[4] Plaintiff shall have 14 days from the date of this order to remit filing fees for three additional cases. If plaintiff fails to pay the filing fees within 14 days, the Court without further notice will dismiss without prejudice his claims in the three new cases.

Regarding whether to separate plaintiff's claims as to each different state law based on considerations of venue and trial convenience, plaintiff asserts that under Rule 18(a), Fed. R. Civ. P., he is entitled join all of his claims against a single defendant. Defendants have not responded to plaintiff's assertion. On this record, the Court will not separate plaintiff's claims as to each different state law.

**IT IS THEREFORE ORDERED** that the Court will not dismiss plaintiff's claims for lack of subject matter jurisdiction at this time.

**IT IS FURTHER ORDERED** that the Clerk shall sever plaintiff's claims into four separate cases and re-file in the three new cases the original complaint in this case. This case shall include plaintiff's claims against the first-named defendant, i.e. Chevron USA, Inc. The new cases shall include the following parties: (1) Duke v. Flying J, Inc.; (2) Duke v. Pilot Travel Centers LLC; and

---

[4] This case – No. 07-2300-KHV – shall include plaintiff's claims against the first-named defendant, i.e. Chevron USA, Inc. The new cases shall include the following parties: (1) Duke v. Flying J, Inc.; (2) Duke v. Pilot Travel Centers LLC; and (3) Duke v. Petro Stopping Centers, L.P. and TravelCenters of America LLC.

(3) Duke v. Petro Stopping Centers, L.P. and TravelCenters of America LLC.  Plaintiff shall have 14 days from the date of this order to remit filing fees for the three additional cases.  If plaintiff fails to pay the filing fees within 14 days, the Court without further notice will dismiss without prejudice his claims in the three new cases.

**IT IS FURTHER ORDERED** that the Court intends to suggest remand of Duke's claims to the transferor court.  On or before **January 31, 2014**, the parties shall jointly file a proposed supplement to the Court's Suggestion Of Remand And Final MDL Order For Remanded Cases (Doc. #4671) filed November 15, 2013, setting forth events which have taken place to date regarding the claims of Lesley Duke in this case and in any newly filed/severed cases, and the issues which remain for resolution in the transferor court.  In addition, the parties shall submit an exhibit which sets forth (1) Duke's remaining claims against non-settling defendants and (2) any motions which remain pending in this case and in any newly filed/severed cases.

Finally, the parties shall begin the process of designating the record, as set forth in Rule 10.4 of the JPML Rules of Procedure.  Upon receipt of a final remand order from the JPML, the parties shall provide the Clerk of this Court a "record on remand" which includes a stipulation or designation of the contents of the record or part thereof to be remanded.

Dated this 17th day of January, 2014 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
