UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK RUSHING, et al.,

    Plaintiffs,

    v.

AMBEST, INC., et al.,

    Defendants.

Case No. 06-cv-7621-PJH

**ORDER RE MOTION FOR ENTRY OF CONSENT JUDGMENT; ORDER RE MOTION FOR SUMMARY JUDGMENT**

Before the court is plaintiffs' motion for entry of consent judgment in favor of defendant Chevron USA INC. ("Chevron"), which Chevron opposes; and Chevron's motion for summary judgment against plaintiff Lesley Duke, which is unopposed. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion for entry of consent judgment, and GRANTS Chevron's motion for summary judgment.

First, with regard to plaintiffs' motion for consent judgment, Chevron entered into a conditional settlement on November 7, 2013, with representatives of plaintiff classes. Among other things, the settlement agreement provided that judgment was to be entered in favor of Chevron as to the claims arising under California law in the above-entitled action. Because Mr. Duke did not agree to dismiss his claims against Chevron and the other defendants, the MDL court severed those claims and remanded them to this court in February 2015.

However, per the terms of the settlement agreement, Chevron requested that the court defer actual entry of judgment until the settlement agreement either became final or was rejected. This court subsequently granted Chevron's motion for entry of final judgment under Federal Rule of Civil Procedure 54(b), stayed entry of that judgment pending final approval and appeal, or expiration of the time to appeal, of the parties' classwide settlement. The final settlements are currently on appeal with the Tenth Circuit.

The settling plaintiffs in this case now seek entry of consent judgment in favor of Chevron. Chevron opposes the motion on the basis that the settlement agreement provides that judgment shall not be entered until after all appeals of final approval have been resolved. The court is more persuaded by Chevron's argument, and DENIES plaintiffs' motion. Plaintiffs have not articulated any reason that the court should enter judgment now rather than at the conclusion of the appeals, and in particular have not identified any prejudice to them arising from the stay of the action.

Second, with regard to Chevron's motion for summary judgment against plaintiff Lesley Duke, the court finds that because Mr. Duke did not opt out of any of the settlement classes, his claims are covered and released by the class settlement. Approval of a class action settlement constitutes a final judgment on the merits, and thus binds all Rule 23(b)(2) class members and all Rule 23(b)(3) class members, unless the latter opt out of the settlement. See Reyn's Pasta Bella, LLC v. Visa USA Inc., 442 F.3d 741, 746 (9th Cir. 2006); see also Schwarzer, et al., Federal Civil Procedure Before Trial (2015 ed.) § 10:917. A class action judgment is res judicata as to the claims of class members who did not opt out, so long as their interests were adequately protected. See id. Here, the MDL court found that representation was adequate in the MDL class action; that notice to class members was adequate; and that Chevron gave notice of the proposed settlement to designated state and federal officials pursuant to CAFA.

Moreover, Mr. Duke (who is currently proceeding in pro per) appeared at the case management conference where the court set the summary judgment briefing schedule (to

which all the parties agreed), and yet he filed no opposition to Chevron's motion. Accordingly, Chevron's motion is GRANTED, as stated above and for the reasons argued by Chevron in its motion.

**IT IS SO ORDERED.**

Dated: March 25, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge